UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ERNEST JOHNSON, Plaintiff | CIVIL ACTION NO. 1:17-CV-1640-P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN SANDY MCCAIN, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Ernest Johnson (#126187) ("Johnson"). Johnson was granted leave to proceed *in forma pauperis*. (Doc. 7). Johnson is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. Johnson complains that he was denied adequate medical care by Nurse Sibley, Dr. McVea, Warden Sandy McCain, and DOC Secretary James LeBlanc. Johnson seeks compensatory damages and injunctive relief.

Because Johnson cannot show Defendants acted with deliberate indifference, his complaint should be dismissed.

I.  Background

Johnson complained to prison officials of a failed hernia surgery. (Doc. 1, p. 3). He was referred to the surgery clinic on July 26, 2017, and examined on August 7, 2017. (Doc. 1-2, p. 1). A recommendation was made for inguinal hernia repair, and the surgery was scheduled for September 1, 2017. (Doc. 1-2, p. 1). According to the

response to Johnson's administrative grievance, the surgeon cancelled and rescheduled the surgery on two occasions. (Doc. 1-2, p. 1). Johnson received the surgery on January 26, 2018. (Doc. 11, p. 1).

II. Law and Analysis

    A. Johnson's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Johnson is a prisoner who has been allowed to proceed *in forma pauperis*. Title 28 U.S.C. § 1915A provides for the preliminary screening of lawsuits filed by prisoners seeking redress from an officer or employee of a governmental entity. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003). Because Johnson is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

    B. Johnson cannot state a claim for supervisory liability against Secretary LeBlanc or Warden McCain.

Johnson names DOC Secretary James LeBlanc and Warden Sandy McCain as Defendants. To the extent that Johnson asserts a claim against Defendants LeBlanc and McCain in their official capacities for monetary damages, the claim should be dismissed. Defendants LeBlanc and McCain are state officers. State officers, in their official capacities, are not "persons" amenable to suit for damages under § 1983. Will

v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); see also Arizonans for Official English v. Arizona, 520 U.S. 43, 69 n. 24 (1997). The official-capacity claim for monetary damages is also barred by the Eleventh Amendment. See Williams v. Thomas, 169 Fed. App'x 285, 286 (5th Cir. 2006); Hodge v. B.B. Sixty Rayburn Corr. Center, No. 08–3193, 2008 WL 4628586, at *3 (E.D. La. Oct. 16, 2008).

To the extent that Johnson asserts a claim against Defendants LeBlanc and McCain in their individual capacities, the claim should be dismissed. Section 1983 does not create supervisory or respondeat superior liability. See Sterns v. Epps, 464 F. App'x 388, 394 (5th Cir. 2012). "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Thus, a supervisor may be held liable under § 1983 only if: (1) he was personally involved in the constitutional deprivation; or, (2) there existed a causal connection between the supervisor's wrongful conduct and the constitutional violation. See Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987).

Johnson has not alleged facts indicating that Defendants LeBlanc or McCain were personally involved in the alleged constitutional violation, or had a causal connection to the alleged denial or delay in medical care.

Finally, to the extent that Johnson seeks injunctive relief from Defendants LeBlanc or McCain, his claim is moot, as his surgery was performed on January 26, 2018. (Doc. 11, p. 1).

### C. Johnson has not alleged deliberate indifference by Defendants.

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with "deliberate indifference" to the serious medical needs of prisoners. See Farmer v. Brennan, 511 U.S. 825, 834, (1994); Estelle v. Gamble, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted).

"[S]ubjective recklessness as used in the criminal law" is the appropriate test for deliberate indifference. Farmer, 511 U.S. at 839-40. A prison official acts with deliberate indifference only if he knows that an inmate faces a substantial risk of serious harm and disregards that risk. Id. at 847. An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." Domino v. Tex. Dep't Crim. J., 239 F.3d 752, 756 (5th Cir. 2001) (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Johnson does not allege that Defendants refused to treat him, ignored his complaints, or intentionally treated him incorrectly. Johnson was evaluated after making complaints, and surgery was scheduled. Although the surgeon rescheduled the surgery, there are no allegations that Defendants caused a delay in Johnson's treatment. Johnson does not claim that Defendants were involved in the cancellation

of the surgery or with the rescheduling. Thus, there are no allegations of deliberate indifference against Nurse Sibley or Dr. McVea.

Finally, as noted above, surgery has been performed, so Johnson's claim for injunctive relief is moot.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Johnson's complaint be DENIED and DISMISSED with prejudice under § 1915(e)(2)(b) and § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Rule 6(b) of the Federal Rules of Civil Procedure, shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __1st__ day of May, 2018.

                                                Joseph H.L. Perez-Montes
                                                United States Magistrate Judge